# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1609 | **DATE** | 8/2/2002 |
| **CASE TITLE** | Georgia G. Sarantakis, et al. vs. Frank Dominic Gruttadauria, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 10/31/2002 at 9:00 A.M.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiffs' Motion to Lift Automatic Stay on Discovery [37-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Judge # 7 number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | AUG 05 2002 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 61 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | | |
| | Mc courtroom deputy's initials | 02 AUG -2 PM 4:25 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGIA G. SARANTAKIS and CAROL ANN COYLE, <br><br> Plaintiffs, <br><br> v. <br><br> FRANK DOMINIC GRUTTADAURIA; LEHMAN BROTHERS, INC.; LEHMAN BROTHERS HOLDINGS, INC.; S.G. COWEN SECURITIES; SOCIETE GENERALE SA; COWEN & COMPANY; HAMBRECHT & QUIST, INC.; J.P. MORGAN SECURITIES, INC.; DeGRANDIS & DeGRANDIS, Certified Public Accountants; and JOSEPH DeGRANDIS, JR., <br><br> Defendants. | No. 02 C 1609 <br><br> District Judge William J. Hibbler <br><br> Magistrate Judge Nan R. Nolan |

DOCKETED
AUG 0 5 2002

## MEMORANDUM OPINION AND ORDER

In this securities fraud case, discovery was automatically stayed pursuant to the Private Securities Litigation Reform Act after several of the defendants moved to dismiss the complaint. The matter is now before this Court on Plaintiffs' Motion to Lift Automatic Stay. In their motion, the plaintiffs argue that the stay should be lifted in order to preserve evidence and to prevent undue prejudice. For the reasons that follow, the plaintiffs' motion is DENIED.

## BACKGROUND

Plaintiffs Georgia Sarantakis and Carol Ann Coyle allege, among other things, that defendant Frank Gruttadaria defrauded them and violated a number of securities laws while he was acting as their investment broker. The other defendants are the plaintiffs' accountants and a number of broker-dealers (or their parent companies) for which Gruttadaria worked while the allegedly fraudulent activities took place. In May 2002, several defendants filed a motion to stay the action pending

arbitration or to dismiss,[1] which is now pending in the district court. The defendants argue that the litigation should be stayed pending the outcome of arbitration. Specifically, the defendants claim that the plaintiffs signed agreements containing arbitration clauses providing that any controversy arising out of the plaintiffs' accounts shall be settled by arbitration. In addition, the motion seeks to dismiss four counts (violation of the Illinois Securities Law; violation of fiduciary duty under NASD and NYSE rules; common law fraud; and promissory estoppel) pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

Discovery in the case is stayed pending resolution of the motion to dismiss, but the defendants have voluntarily produced and continue to produce a number of documents that are relevant to several of the plaintiffs' document requests. The plaintiffs' motion asks the Court to lift the stay as to all documents identified in their discovery requests, or in the alternative, to allow such discovery as would be permitted in an arbitration proceeding.

## DISCUSSION

After the defendants' motion to dismiss was filed, discovery was automatically stayed pursuant to the PSLRA, which provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).

---

[1]This motion was filed by defendant SG Cowen, joined by defendants Lehman Brothers, Inc. and Lehman Brothers Holdings, Inc. Two other broker-dealer defendants, Hambrecht & Quist and J.P. Morgan Securities, Inc., filed a motion to stay pending arbitration but did not file a motion to dismiss any of the claims. A month later, the accountant defendants filed a motion to dismiss based on a lack of personal jurisdiction and improper venue.

[2]An additional basis for the motion, that Counts I and II fail to state a claim under the federal securities laws, was withdrawn after a Supreme Court case decided on June 3, 2002 invalidated the defendants' argument.

The purposes of the automatic stay provision are (1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss the complaint; and (2) to avoid the situation in which a plaintiff sues without possessing the requisite information to satisfy the PSLRA's heightened pleading requirements, then uses discovery to acquire that information and resuscitate a complaint that would otherwise be dismissed. *See In re Comdisco Sec. Litig.*, 166 F. Supp. 2d 1260, 1263 (N.D. Ill. 2001).

The mandatory stay under the PSLRA may be lifted only in exceptional circumstances, i.e., when "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B); *see Vacold LLC v. Cerami*, No. 00 Civ. 4024, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001); *see also Faulkner v. Verizon Communications, Inc.*, 156 F. Supp. 2d 384, 402 (S.D.N.Y. 2001) ("The sole example proffered by Congress as to what justifies lifting the stay is 'the terminal illness of an important witness,' which might 'necessitate the deposition of the witness prior to ruling on the motion to dismiss.'") (citation to Senate Rpt. omitted).

A party alleging that discovery is "necessary to preserve evidence" must present more than mere "generalizations of fading memories and allegations of possible loss or destruction." *In re Fluor Corp. Sec. Litig.*, No. SA CV 97-734 AHS EEX, 1999 WL 817206, at *3 (C.D. Cal. Jan. 15, 1999). The movant is required to make a specific showing that "the loss of evidence is imminent as opposed to merely speculative." *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001).

"Undue prejudice" has been defined as "'improper or unfair treatment' amounting to something less than irreparable harm.'" *Vacold*, 2001 WL 167704, at *6 (quoting *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996)). "Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair." *In re CFS*, 179 F. Supp. 2d at 1265. Undue prejudice has been found "where defendants might be shielded from liability in the absence of the requested

-3-

discovery." *Vacold*, 2001 WL 167704, at *6; *see In re CFS*, 179 F. Supp. 2d at 1266-67; *see also Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, No. 99 CIV 342, 1999 WL 223158, at *1-2 (S.D.N.Y. Apr. 16, 1999) (allowing the plaintiff corporation to obtain discovery related to the defendants' efforts to take over the plaintiff, because those actions, if successful, would moot the plaintiff's lawsuit).

Even if exceptional circumstances exist, the movant must also show that particularized discovery is necessary to remedy the problem. General requests to open all discovery do not satisfy this burden. *See Mishkin v. Ageloff*, 220 B.R. 784, 792-93 (S.D.N.Y. 1998) (noting that a non-specific motion asking for production of "an open-ended, boundless universe of discovery . . . is basically a request to continue any and all discovery that may arise" and does not satisfy the particularized discovery requirement); *Faulkner*, 156 F. Supp. 2d at 402 (holding that a subpoena seeking all documents already produced or to be produced in the future is not "particularized"). The movant must specifically identify the needed discovery in its motion to lift the automatic stay. *See Mishkin*, 220 B.R. at 794 n.6.

The plaintiffs argue that the automatic stay under the PSLRA should be lifted both to preserve evidence and to prevent undue prejudice. First, the passage of time in waiting for a ruling on the motion to dismiss increases the risk that memories will fade and documents will disappear. Second, the plaintiffs will suffer undue prejudice if the stay is not lifted, because plaintiff Sarantakis is 80 years old and her life savings were depleted; and plaintiff Coyle is 52 years old, has a limited ability to work due to fibromyalgia, and has lost all the money in her account. The plaintiffs also contend that lifting the stay will not prejudice the defendants because the defendants have been producing the requested documents in other cases and investigations, and because an arbitration panel will allow a certain amount of discovery if the defendants' pending motion is successful and the case goes to arbitration. The plaintiffs rely primarily on two cases in which an automatic stay was lifted: *Fazio v. Lehman Brothers, Inc.*, No. 1:02CV157 *et al.*, slip op. (N.D. Ohio May 16,

2002), a case similar to the present one and involving many of the same defendants; and *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162 (S.D.N.Y. 2001).

The defendants respond that the plaintiffs have not established that exceptional circumstances exist in this case; the plaintiffs do not seek particularized discovery; the rulings in *Fazio* and *Tobias Holdings* conflict with the majority of federal courts; granting plaintiffs' motion will effectively operate as a denial of the defendants' motions to stay the case pending arbitration; and ordering discovery will eliminate the potential benefits of non-judicial resolution of this matter.

The Court concludes that the plaintiffs have not met their burden of showing it is necessary to lift the stay to preserve evidence or to prevent undue prejudice. First, there is no dispute that the PSLRA's mandatory stay provision applies in this case, a private action arising under the 1934 Securities Act in which a motion to dismiss is pending.

Second, the plaintiffs have not shown that either of the exceptional circumstances exists in this case. Lifting the stay is not "necessary to preserve evidence." All of those from whom the plaintiffs seek discovery are parties and therefore are obligated under the PSLRA to preserve evidence during the stay as if it were the subject of a pending discovery request. *See In re CFS*, 179 F. Supp. 2d at 1265. Moreover, lifting the stay is not necessary to preserve evidence when, as in this case, the party from whom discovery is sought has represented to the court that it will maintain the evidence at issue. *See In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 684 (D. Md. 2000). Most importantly, the plaintiffs do not claim that any evidence is in immediate and/or probable peril. The plaintiffs' general concern about the "risk" that evidence will be lost or memories will fade is not an exceptional circumstance and does not demonstrate that discovery is necessary to preserve evidence. *See In re Fluor*, 1999 WL 817206, at *3.

The plaintiffs also have not demonstrated that lifting the stay is necessary to prevent undue prejudice. The plaintiffs do not allege any prejudice other than that inherent in litigation, e.g., the delay in ruling on the motion to dismiss and the delay in obtaining a final judgment in the case. The plaintiffs' argument that lifting the stay will not prejudice the defendants is irrelevant and does not

-5-

relieve the plaintiffs of their burden to establish that they will suffer undue prejudice if the stay is not lifted.

Even if the plaintiffs had shown that exceptional circumstances exist, their motion would be denied because it does not seek "particularized discovery." The motion does not list any specific discovery or categories of discovery that are in danger of being destroyed or must be produced in order to prevent undue prejudice. The plaintiffs' alternative request to discover information that would be produced to them in an arbitration proceeding is also not sufficiently specific. The plaintiffs do not state what discovery would be allowed in arbitration or explain how it differs from the litigation discovery.

Finally, the Court notes that the plaintiffs' arguments are not supported by either of the cases on which they rely. First, *Fazio* is in conflict with the majority of other courts that have examined the PSLRA's mandatory stay provision and appears to disregard the language of the statute. *See Fazio v. Lehman Brothers, Inc.*, No. 1:02CV157 *et al.*, slip op. (N.D. Ohio May 16, 2002). Second, *Tobias Holdings* does not support the plaintiffs' argument even if the Court presumes its reasoning is sound. That case held that the automatic stay provision does not apply to distinct state law claims for which jurisdiction is based on diversity of citizenship. *See Tobias Holdings*, 177 F. Supp. 2d at 166-67. In this case, the complaint does not plead diversity jurisdiction, and it does not even allege the defendants' citizenship. Moreover, the plaintiffs acknowledge that "[a]ll of plaintiffs' claims arise from the same factual circumstances and therefore require the same discovery." (Mem. in Supp. of Pls.' Mot. to Lift Stay of Disc. at 2.) Thus, lifting the mandatory stay as to the closely related state claims would be equivalent to lifting the stay for the federal claims and "would be an improper end run around the PSLRA." *Angell Invs., L.L.C. v. Purizer Corp.*, No. 01 C 6359, 2001 WL 1345996, at *2 (N.D. Ill. Oct. 31, 2001).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Lift Automatic Stay on Discovery is DENIED. The matter is set for status on October 31, 2002 at 9:00 a.m..

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated: Aug 2, 2002